IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TERRANCE PRUDE,

                    Plaintiff,                    OPINION AND ORDER

v.

                                          17-cv-336-slc

ANTHONY MELI, et al.,

                    Defendants.

*Pro se* plaintiff Terrance Prude filed a complaint under 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights by confiscating his funds, issuing him a conduct report for receiving such funds, and intercepting his mail. (Dkt. 1.) On November 19, 2018, I granted Prude leave to proceed against defendants Anthony Meli and Gary Boughton on a Fourteenth Amendment due process claim related to Meli's alleged withholding of exculpatory evidence at Prude's conduct report hearing, as well as against Meli on a First Amendment claim related to Meli's alleged interference with Prude's mail.

I did not grant Prude leave to proceed against Meli on the theory that Meli was an "unbiased decision-maker," since Meli did not preside over the conduct report hearing, did not find him guilty, and did not impose a punishment. (11/19/18 Order (dkt. 41) at 9.) Similarly, I denied Prude leave to proceed on his due process claim on the theory that he was not able to review the testimony of two of his witnesses, Nistler and Jones. I also denied Prude leave to proceed on an access to courts claim since he did not plead facts suggesting that defendants' confiscation of his funds actually interfered with his ability to seek post-conviction relief. Finally, I denied Prude's request for a preliminary injunction.

Before the court are two motions by *pro s*e plaintiff Terrance Prude: His motion for reconsideration of the screening order on several grounds (dkt. 42), which I am granting in part; and his motion to compel defendants to provide him with writing material (dkt. 48), which I am denying.

OPINION

I. **Motion for reconsideration (dkt. 42)**

Prude seeks reconsideration of (A) the theories upon which he may proceed with his due process claim against Meli, (B) my denial of his access to courts claim, and (C) my denial of his request for a preliminary injunction.

A. **Due Process Claim against Meli**

Prude asks the court to reconsider its decision denying him leave to proceed against Meli on theories that he was a biased decision-maker and because he withheld Nistler's and Jones' letters from Westra, the conduct report hearing officer. In support of his biased decision-maker theory, Prude cites to *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995), in which the court held that if an "officer is substantially involved in the investigation of the charges against [the] inmate, due process forbids that officer from serving on the adjustment committee." *Id.*

Prude asserts that this language suggests that Meli, the investigating officer and conduct report writer who authorized the charges and seized Prude's funds, was substantially involved. However, the fact remains that Meli did not *decide* the outcome of the conduct report, nor did he mete out the punishment. Accordingly, I am declining to

broaden Prude's due process claim against Meli to include a biased decision-maker theory.

Prude also argues that I erred in denying him leave to proceed against Meli on Prude's allegation that Meli withheld the letters that Nistler and Jones submitted on his behalf. In denying Prude leave to proceed on a due process claim related to those letters, I began with the principle from *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012), that in the context of his conduct report, Prude had no "constitutional right to call witnesses or to require prison officials to interview witnesses." *Id.* at 685. Then I concluded that because Westra's decision listed their letters in the Record of Witness Testimony (*see* dkt. 1-1 at 9), Prude's claim had no traction because Westra *had* received those letters, and Prude had no right to interview the letter writers or to review the letters.

Prude opposes this conclusion on two bases, and I'm persuaded by the second. First, he asserts that pursuant to *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974), his due process rights included the right to call witnesses and know the evidence before him. He argues that *Westefer* does not apply to his circumstances because his conduct report proceeding was *formal*, which is different from the informal administrative segregation hearing addressed in that case. Prude does not cite any authority in support; that's not surprising because it is well-settled that *Westefer* stands for the broader principle that prisoners facing a change in placement (typically from general population to segregation), regardless of whether the change is pursuant to administrative or disciplinary proceedings, requires less formal procedures. *Westefer*, 682 F.3d at 685 n.2 (noting that more formal procedures may be required in the context of a loss of good-time credit because that process affects the *length* of incarceration, not the nature of incarceration); *see James v. Pfister*, 708 F. App'x

3

876, 879 (7th Cir. 2017) (acknowledging that a transfer to disciplinary segregation affords inmates the informal process described in *Westefer*). Accordingly, I remain convinced that *Westefer* governs the type of process he was due.

Prude's second argument is more persuasive. Prude now clarifies that he is not only complaining that he personally didn't have access to the letters, but also that Westra, the hearing officer, did not actually review the letters. Prude claims that his allegations and attachments to his complaint do not conclusively establish that Westra considered Nistler and Jones' letters in resolving the conduct report. Prude further points out that he had alleged that Westra stated, during the hearing, that he had not received those letters (Compl (dkt. 1) ¶ 68), and that the conduct report form did not include an "x" in the box Westra should have marked if he had considered their testimony (dkt. 1-1 at 7).

While I remain convinced that Prude had no right to review the letters himself, I am persuaded that Prude's allegations create a factual dispute about whether *Westra* actually received the letters. Indeed, while it may be logical to infer that Westra received the letters *after* the conduct report hearing, the fact remains that Prude alleges that Westra did not actually review them, and it is possible that Westra's decision contained errors or misstatements about the evidence he actually considered. Accordingly, I will grant Prude's request and allow him to proceed on his due process claim against Meli on an additional theory that Westra did not receive all potentially exculpatory evidence, including Nistler's and Jones' letters, in finding Prude guilty.

B.     Prude's access to the courts/counsel of choice

Prude seeks reconsideration of my conclusion that he could not proceed on an access to courts claim. In his complaint, Prude claimed that the defendants' confiscation of his money violated his right to access the courts because he was going to use that money to hire a lawyer to represent him in a post-conviction motion to challenge his conviction and sentence. I denied Prude leave to proceed on that claim because he had not alleged that he could not proceed *pro se*, and an access to courts claim requires plaintiff to allege facts supporting a reasonable inference of "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Prude argues that that this was error because he much prefers hiring an attorney to pursue his post-conviction relief rather than go it alone and face dismissal because he is unskilled in the law. Prude also claims that he should have been allowed to proceed on a claim that he has the right to hire counsel of his choice.

Setting to one side Prude's demonstrated legal acumen, the fact remains that he has no right to counsel in the context of post-conviction relief. *Murray v. Giarratano*, 492 U.S. 1, 7-8 (1989) (holding that there is no federal constitutional right to counsel for indigent prisoners seeking state post-conviction relief); *Pigram v. Williams*, 182 F. Supp. 3d 861, 865-66 (N.D. Ill. 2016) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007) ("due process does not require appointment of counsel for indigent prisoners pursuing state postconviction remedies or federal habeas relief"). Since Prude has no constitutional right to counsel while pursuing postconviction relief, it follows that he has no right to counsel of his choice.

Moreover, Prude still has not alleged that the confiscation of the money created an

actual -- read "insurmountable" -- barrier to him pursuing post-conviction relief, either *pro se* or by attempting to secure counsel who would represent him *pro bono*. I am willing to accept Prude's contention that his attempts to obtain post-conviction relief would proceed more smoothly with a lawyer than without one (which is not to say that having an attorney would change the outcome), but DOC's confiscation of his money does not support an inference that any of the defendants actually prevented him from pursuing such relief. As such, I see no basis to change my previous decision declining to grant him leave to proceed on this claim.

C. Injunction

Prude asks the court to reconsider its denial of his request for a preliminary injunction requiring defendants to return his funds to him. I denied his request because: (1) he did not adequately show that he would suffer irreparable harm, and (2) he did not demonstrate a likelihood of success on the merits, since his claims against Meli require consideration of his credibility. Prude asks that I reconsider by referring me to his submissions related to his post-conviction motions. I have reviewed my conclusions as well as Prude's submissions, and have identified no basis to reconsider my decision.

II. Motion for writing material (dkt. 48)

Finally, Prude seeks an order requiring him access to pens. Prude explains that in December of 2018, he was transferred to the Green Bay Correctional Institution (GBCI). GBCI staff have placed him on a "pen restriction," which limits him to using pencils and crayons to prepare his legal submissions. Prude claims that this policy deprives him of

adequate access to the courts because the e-filing policy requires prisoners to use ink pens.

Prude's submission does not suggest that the pen restriction is affecting his ability to litigate this case. To start, Prude's crayon submission is perfectly readable, and he used GBCI's e-filing system to submit his motion as well as a letter he recently submitted to the clerk's office asking for the docket report. While I expect that GBCI staff will afford Prude the opportunity to have the pen restriction lifted, at this juncture there is no basis for me to infer that the pen restriction is impeding Prude's ability to access the court. Accordingly, I'm denying the motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Terrance Prude's motion for reconsideration (dkt. 41) is GRANTED in part and DENIED in part, insofar as Prude may proceed on his due process claim against Meli related to his allegation that Westra did not consider the letters from Nistler and Jones in resolving the conduct report.
2. Plaintiff's motion for adequate writing material (dkt. 48) is DENIED.

Entered this 4th day of February, 2019.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge