IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE PRUDE

        Plaintiff
v.                    17-cv-336-slc

ANTHONY MELI, *et al.*

        Defendants

---

TERRANCE PRUDE, *et al.*

        Plaintiffs,
v.                    18-cv-079-slc          ORDER

CORRECTIONAL OFFICER WARD, *et al.*,

        Defendants

---

TERRANCE PRUDE,

        Plaintiff,
v.                    18-cv-361-slc

GARY BOUGHTON, *et al.*,

        Defendants.

---

Plaintiff Terrance Prude, an inmate in the custody of the Wisconsin Department of Corrections, filed the three above-captioned lawsuits between May 5, 2017 and May 16, 2018.[1] In the '079 case, summary judgment motions are due by October 18, 2019, with trial set for May 4, 2020. In the '336 case, summary judgment motions are due by December 6, 2019, with trial set for June 22, 2020. In the '361 case, summary judgment motions are due by January 31, 2020, with trial set for August 10, 2020.

Prude's MO in civil litigation is to immediately file dispositive motions. This is what he has done in each of these three cases, with varying responses from the three different AAGs representing the defendants. I will address each case in turn, but I will start with a general observation: Prude must comply with this court's procedures when engaging in motions practice

---

[1] Although two of these cases are sealed due to confidentiality concerns, nothing in this omnibus order implicates these concerns, so it is not being separately sealed.

unless the court excuses compliance.[2]  For instance, Prude relies heavily on F.R. Civ. Pro. 10[c] to avoid filing separate proposed findings of fact (PFFs) in support of his summary judgment motions.  But Rule 10[c] simply allows a statement in a pleading to be adopted by reference.  It does not supersede this court's requirement in its summary judgment procedure that a party submit PFFs.

That said, the court does not intend to make things more difficult for Prude by glorifying form over substance.  If the AAG in a particular case doesn't object to using Prude's complaint as his PFFs, then the court will allow it.  Worth noting, however, is that Prude's sworn verification of the allegations in each of his complaints does not mean that all of these allegations automatically constitute admissible evidence.  There may be evidentiary challenges in the State's responses that could knock some of Prude's allegations out of the summary judgment analysis.  This remains to be seen.  The bottom line is that although the court will not hold Prude to the standards set for trained attorneys, Prude does not have any right to cut procedural corners just to make things easier for himself.  Prude not only chose to file three civil lawsuits in a row, he chose to jump the gun on dispositive motions in all three cases.  Prude dealt himself this hand, now he has to play it.

Let's review the status of Prude's three pending cases:

---

[2]  The court issued a preliminary pretrial conference order in each of these cases and to each order it attached documents titled "Helpful Tips for Filing A summary Judgment Motion," "Memorandum to Pro Se Litigants Regarding Summary Judgment Motions" and "Procedure To Be Followed On Motions for Summary Judgment."  In each of the pretrial conference orders, the court flagged these documents and advised the parties that "if you do not do things the way it says in Rule 56 and in the court's written summary judgment procedure, then the court will not consider your documents." *See e.g.*, 18-cv-361, dkt. 23 at 8.  Prude already knew this: five years ago, in *Prude v. Pollard*, 13-cv-512-bbc, the court denied his motion for summary judgment in that case and admonished Prude that "in the future, plaintiff should take care to read the court's [summary judgment] procedures to make sure he is applying them correctly." July 2, 2014 order, dkt. 58, at 3.

**Case No. 17-cv- 336**

This case arises out of defendants' confiscation of a $10,000 check mailed to Prude that defendants contend was an improper payment to Prude for having provided legal services to another inmate. On March 3, 2019–prior to the March 8, 2019 telephonic preliminary pretrial conference–Prude filed a summary judgment motion in which he adopted his sworn complaint as his PFFs pursuant to F.R. Civ. Pro. 10[c] *See* dkts. 57 & 58. Prude simultaneously filed a motion for judgment on the pleadings pursuant to Rule 12[c], again incorporating his complaint by reference. *See* dkt. 56. In '336, Prude also has pending a second motion (dkt. 55) for reconsideration of this court's leave to proceed order and its order granting in part Prude's first motion for reconsideration (dkt. 42).

On March 20, 2019, defendants, by AAG Paulson, filed a motion (dkt. 65) to extend their response deadline to May 31, 2019, at which time the State will not only respond to Prude's motion, it will file its own summary judgment motion. The State did not object to the manner in which Prude filed his PFFs. Prude did not object to this extension (dkt. 67), so the court granted it (dkt. 68). Subsequently, Prude pointed out a scanning error for some of his documents in the docket, which the court corrected, *see* dkts. 69-72.

In sum, Prude's dispositive motions and accompanying submissions are acceptable in Case No. 336. The court will take up all of the dispositive motions at once when both sides have timely submitted their documents.

**Case No. 18-cv-079**

This case has six pro se prisoner plaintiffs[3] who all allege that they were subjected to an intentionally humiliating public group strip search, which caused each of them to suffer psychological harm. At the February 5, 2019 telephonic preliminary pretrial conference, the court confirmed with each plaintiff that he understood that he was responsible for his own case: while the plaintiffs may work together and rely on each other to do shared work, each plaintiff must literally sign off on every document submitted in his name. The court then set October 18, 2019 as the deadline to file dispositive motions and set jury selection and trial for May 4, 2020. *See* dkt. 39.

Just six weeks later, on March 19, 2019, all six plaintiffs submitted a summary judgment motion that Prude had written. Prude alone signed the motion and the cover letter (dkt. 41 and 41-1). All five plaintiffs signed the brief in support (dkt. 42 at 7). The PFFs (dkt. 43) are technically in the proper format, although Prude did not go to the trouble of re-writing into this document the actual statement from the verified complaint that the plaintiffs were citing.

On March 28, 2019, defendants, by AAG Spitz, filed a motion (dkt.45) to depose all of the plaintiffs. The State also filed a Rule 56(d) motion to postpone its deadline to respond to plaintiffs' summary judgment motion until October 18, 2019, when defendants intend to file their own summary judgment motion. Dkt. 46. As their fallback position, defendants have asked for 60 extra response days beyond their April 19, 2019 response deadline. Prude responded by opposing the long extension but not opposing a 60-day extension. (dkt. 49). No other plaintiff responded.

---

[3] Prude, Andres Del Real, Troy Johnson, Daniel Mitchell, Miguel Garcia and Jerome Walker.

Given the number of plaintiffs and the nature of the allegations, defendants have met their burden under Rule 56(d) to obtain an extension, but they haven't shown that they genuinely need six extra months to respond. The rule, by its terms, does not allow a longer continuance for the purpose of pairing a summary judgment response with a party's own summary judgment motion. Taking into account the totality of circumstances, the court finds that three additional months of response time are necessary to ensure that defendants can gather and present facts essential to their opposition. Therefore, defendants' response deadline is extended to **July 19, 2019**.

Because of the logistics attendant to a six-plaintiff pro se prisoner lawsuit, plaintiffs may have 14 days to reply in support of their summary judgment motion. If defendants end up filing a proactive summary judgment motion with their response, then plaintiffs' reply on their own motion may be filed with their response to defendants' motion.

**Case No. 18-361**

The allegations underlying this lawsuit are confidential at this time. On March 4, 2019, prior to the March 15, 2019 telephonic preliminary pretrial conference, Prude filed all of the documents necessary for a summary judgment motion except for an actual motion. *See* dkts. 18-22. At the pretrial conference, the court set January 31, 2020 as the deadline to file dispositive motions, with discovery ending on June 19, 2020 and trial set for August 10, 2020.

On March 28, 2019, defendants, by AAG Flugaur, filed a Rule 56(d) motion that challenged the adequacy of Prude's submissions and requested 90 additional response days after Prude filed corrected submissions. (Dkt. 24). It turns out that some of the problems with the

docketed documents were the result of inadvertent scanning errors by the court, which have been corrected. The State's other major challenge was to Prude's PFFs (dkt, 19), which, as is Prude's habit, refer back to his verified complaint, paragraph by paragraph, but also include separate averments, some of which refer to other documents, some of which Prude swore to in his PFFs. As noted earlier in this order, although this court would not accept PFFs of this nature from a licensed attorney, it will accept them in this case. Prude's references back to his verified complaint are easy enough to track that the court will not order him to rewrite the same statements in his PFFs.

As for the State's request for more time, the defendants will receive their 90-day extension. They are entitled to an adequate opportunity to conduct discovery and prepare their response to Prude's motion. Therefore, defendants response deadline is extended to **July 26, 2019**, with Prude's reply due ten days later. If defendants file their own summary judgment motion in conjunction with their response to Prude's motion, then Prude may file his reply in support of his motion at the same time he files his response to defendants' motion.

Entered this 26th day of April, 2019.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge