IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TERRANCE PRUDE,

        Plaintiff,

v.

ANTHONY MELI, et al.,

        Defendants.

OPINION AND ORDER

17-cv-336-slc

*Pro se* plaintiff Terrance Prude is proceeding in this lawsuit against defendants Anthony Meli and Gary Boughton on Fourteenth Amendment due process claims related to Meli's alleged withholding of exculpatory evidence (a letter from an attorney named Meyeroff) at Prude's conduct report hearing, as well as against Meli on a First Amendment claim related to Meli's alleged interference with Prude's mail. I did not grant Prude leave to proceed against Meli on the theory that Meli withheld other exculpatory letters from two other individuals, Jones and Nistler, or that he was a "biased decision-maker," since Meli did not preside over the conduct report hearing, did not find him guilty, and did not impose a punishment. (11/19/18 Order (dkt. 41) at 9.) Prude sought reconsideration of that conclusion, and on February 4, 2019, I denied his request for reconsideration on the biased-decision maker theory, but granted him leave to proceed against Meli on the theory that Meli withheld the Jones and Nistler letters. (2/4/19 Order (dkt. 54) at 3-4.)

The parties are in the process of briefing dispositive motions, but there are three pending motions that require resolution. First, Prude filed a second motion for reconsideration. (Dkt. 55.) Second, the parties are in the process of finalizing their submissions related to Prude's motion for summary judgment and judgment on the

pleadings, as well as defendants' motion for summary judgment. In defendants' July 3, reply brief, they requested an extension of time to supplement their brief because they inadvertently omitted proposed findings of fact and argument related to Prude's theory that Meli withheld the Nistler and Jones letters. (Dkt. 86, at 6.) Third, Prude responded to defendants' motion by requesting to file a sur-reply (dkt. 91). This order denies Prude's motion for reconsideration and grants defendants' request for an extension as well Prude's request to file a sur-reply.

I. Motion for Reconsideration (dkt. 55)

In his second motion for reconsideration, Prude again takes issue with my conclusion that Meli, who was not present at the disciplinary hearing, did not find Prude guilty, and did not have a hand in punishing Prude, did not constitute a decision-maker. However, Prude does not cite any authority to support his position that Meli's involvement, in acting as a gatekeeper of the evidence available to the disciplinary hearing officer, became a quasi-decisionmaker.

Prude relies on *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995), in which the court held that if an "officer is substantially involved in the investigation of the charges against [the] inmate, due process forbids that officer from serving on the adjustment committee." *Id.* Prude specifically takes issue with my previous conclusion that Meli did not resolve the disciplinary charges. However, Prude does not dispute that another officer (Westra) actually presided over the hearing and imposed the punishment. While Prude argues that Meli, who shares office space with and has authority over Westra, *likely*

influenced Westra's decision, those statements are nothing more than conjecture.

While I appreciate that Prude wants to be able present as much evidence as possible to support his due process claim against Meli, Prude already is proceeding against him on his due process claim on the theory that Meli withheld multiple pieces of potentially exculpatory evidence from the hearing. Since Prude has not alleged any additional facts related to Meli's involvement in the disciplinary hearing, and has not directed the court to any case law suggesting that Meli constitutes a decision-maker for purposes of this type of claim, I will not broaden his due process claim against Meli.

Prude also argues that Meli's decision to deny Prude the ability to submit evidence at the hearing was an arbitrary abuse of power sufficient to constitute a due process claim. *See Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). While the screening order may not have cited specifically to the *Hanrahan* decision, Prude is proceeding against Meli on the same theory. Specifically, in screening Prude's complaint to go forward, I noted that Meli's alleged withholding of exculpatory evidence could violate Prude's due process rights, citing to decisions that acknowledge that such behavior would constitute an arbitrary abuse of power. *See, e.g., Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002) (acknowledging that disciplinary hearing officers may not arbitrarily exclude exculpatory evidence). Accordingly, since Prude is already proceeding on a theory that Meli's actions constituted an arbitrary use of his power, I'm denying Prude's second motion for reconsideration.

**II.     Motion for extension (dkt. 86 at 6), and motion to file a sur-reply (dkt. 91)**

At the close of their reply brief in support of their motion for summary judgment, defendants acknowledge that their submissions in support of their motion for summary judgment and in opposition to Prude's motions did not address Prude's claim that Meli withheld potentially exculpatory letters from Nistler and Jones.  Defense counsel represents this was a mistake; he had not seen the order in which I granted Prude's motion for reconsideration in part.  He explains he had started at the DOJ two weeks before filing defendants' motion for summary judgment on May 31, and he regrets this oversight.

Obviously, counsel should have paid closer attention to the docket, my orders, the allegations in Prude's complaint related to the Nistler and Jones letters (*see* Compl. (dkt. 1) ¶¶ 68, 69), and their Answer, which explicitly addressed these allegations (*see* Answer (dkt. 53) ¶¶ 62, 63-69).  Even so, I accept counsel's representations, and the dispositive motion deadline in this lawsuit is not until December 6, 2019, so consideration of defendants' supplemental materials, which have already been filed (*see* dkt. 87, 88, 89), will not prejudice Prude.  Because I am granting defendants' motion and will consider their supplemental proposed findings of fact and brief, I also am granting Prude's request to file a sur-reply.  Prude may respond to defendants' supplemental filings by **July 22, 2019**. At that point, I will not accept further briefing on these motions and take them all under advisement.

ORDER

IT IS ORDERED that:

1. Plaintiff Terrance Prude's motion for reconsideration (dkt. 55) is DENIED.

2. Defendants' motion for extension (dkt. 86 at 7) and Prude's motion to file a sur-reply (dkt. #91) are GRANTED.

3. Prude has until **July 22, 2019,** to reply to defendants' supplemental brief, response to proposed findings of fact and proposed findings of fact (dkt. 87, 88, 89).

Entered this 10th day of July, 2019.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge