IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TERRANCE PRUDE,

            Plaintiff,

v.

ANTHONY MELI, et al.,

           Defendants.

OPINION AND ORDER

17-cv-336-slc

*Pro se* plaintiff Terrance Prude is proceeding in this lawsuit against defendants Anthony Meli and Gary Boughton on Fourteenth Amendment due process claims related to Meli's alleged withholding of exculpatory evidence (namely, a letter from an attorney named Meyeroff) at Prude's conduct report hearing, as well as against Meli on a First Amendment claim related to Meli's alleged interference with Prude's mail. I did not grant Prude leave to proceed against Meli on the theory that Meli withheld other exculpatory letters from two other individuals, Jones and Nistler, or that he was a decision-maker that found him guilty and imposed a punishment, since Meli did not preside over the conduct report hearing, did not find him guilty, and did not impose a punishment. (11/19/18 Order (dkt. 41) at 9.) Prude has sought reconsideration of this decision twice, and I have denied both requests.

Now Prude seeks reconsideration for a third time, this time proposing to amend his complaint to add additional, more specific, allegations about Meli's involvement in the resolution of the conduct report. (Dkt. 97, 99.) While I am skeptical that Prude can succeed on this claim, I am now persuaded that he may proceed against Meli on the theory that he was essentially a biased decision-maker because, while Meli was not the hearing

officer, Prude's new allegations permit an inference that Meli improperly influenced the hearing officer in a manner that made him a de facto decision-maker.

OPINION

Up to this point, I have declined to allow Prude to proceed on his theory that Meli was actually a decisionmaker because this theory was based solely on Prude's personal belief, unsupported by any factual allegations. *See Martin v. Zatecky*, 749 F. App'x 463, 466 (7th Cir. 2019) ("We presume the honesty and integrity of adjudicators, and the burden for proving impermissible behavior is high."). Now Prude's proposed supplement and attachments add allegations of fact that, if true, have the potential to create a triable question as to whether Meli impermissibly involved himself in the conduct report hearing. In particular, Prude now alleges that in addition to writing the conduct report against Prude, Meli also sent an email on January 25, 2017 to the officer who helped Meli investigate the charges, stating that he had offered Prude "180 DS and seize $10,000 to the state general fund." (Pl. Ex. 9 (dkt. 98-3).) This offer came over a week before the February 2, 2017, hearing before Westra. Prude further alleges that Meli was present at the hearing, and that during the hearing, Westra stated that his hands were tied, and he had to issue him this same punishment.

While I have not located any decisions from the Court of Appeals for the Seventh Circuit discussing this fact situation, for leave to proceed purposes, I conclude that Prude now has alleged facts sufficient to give rise to a reasonable inference that Meli had an inappropriate influence on Westra's resolution of the charges against Prude. While there could be another explanation for Westra's comment that his hands were tied with respect

to Prude's punishment, one plausible explanation is that Meli had required this outcome. The State's opposition to allowing Prude's proposed amendment confirms that Prude's theory warrants fact-finding at the very least. The State's argument is based on its characterizations of Prude's factual assertions, namely that the email Prude submits does not establish that Meli ordered Westra to impose the punishment Prude eventually received, that Meli's initial offer to Prude was a "prehearing offer" to Prude, and that the fact that Westra imposed the same punishment is not evidence that Meli was a decisionmaker. To accept defendants' responses would be to draw multiple inferences in their favor, which is not the way it works at the screening stage. Ultimately, the parties will have to flesh out their own arguments and characterizations of Meli's actions through discovery, dispositive motions and at trial.

Accordingly, I will grant Prude's motions and allow him to proceed on this theory of his due process claim against Meli. I will also allow the parties to file one additional motion for summary judgment, limited to Prude's new theory in support of his due process claim. While the parties recently completed their summary judgment briefing on Prude's other claims, given that the summary judgment deadline in this case is in December of 2019, there is room in the schedule to allow the parties to litigate this issue.

ORDER

IT IS ORDERED that:

1. Plaintiff Terrance Prude's third motion for reconsideration (dkt. 97) is GRANTED.

2. Prude's motion to supplement his complaint (dkt. 99) is GRANTED.

3. Prude may proceed against defendant Meli on the theory that Meli was a biased decision-maker, as provided above.

Entered this 6th day of August, 2019.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge