IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TERRANCE PRUDE,

                Plaintiff,              OPINION AND ORDER

    v.

                                      17-cv-336-slc

ANTHONY MELI, et al.,

                Defendants.

*Pro se* plaintiff Terrance Prude is proceeding in this lawsuit on: (1) Fourteenth Amendment due process claims against defendant Anthony Meli and Gary Boughton related to Meli's alleged withholding of exculpatory evidence at Prude's conduct report hearing and allegedly directing hearing officer Westra to impose a certain punishment; and (2) a First Amendment claim against Meli for his alleged interference with Prude's mail. I have taken the parties' dispositive motions under advisement, but in the meantime I will resolve these four motions filed by Prude: (1) a motion to reinstate defendant Captain Westra (dkt. 104); (2) a motion to amend the complaint to add Department of Corrections (DOC) Secretary Kevin Carr as a defendant for purposes of injunctive relief (dkt. 105); (3) a motion to compel and for sanctions (dkt. 111); and (4) a motion to file a sur-reply (dkt. 126). I am granting Prude's motion to file a sur-reply brief and I am denying the rest of these motions.

**Motion to reinstate Captain Westra as a defendant (dkt. 104)**

Prude seeks reconsideration of the leave to proceed order dismissing Captain Westra as a defendant. Captain Westra presided over Prude's disciplinary hearing at which he found Prude guilty of the charges and imposed a punishment of 180 days of disciplinary separation. In the leave to proceed order, I dismissed Westra as a defendant because Prude had not alleged

facts supporting an inference that Westra was a biased decision-maker. (Nov. 19, 2018 Order (dkt. 41) at 8-9.) Prude argues that because I allowed him to proceed against Meli on the theory that he controlled the sentence that Westra imposed, then Westra may be implicated by this theory as well.

Prude waited too long to raise this argument. While Prude has been ardently pursuing various due process theories against defendant Meli throughout this lawsuit, he never has asked to reinstate Westra as a defendant until August 27, 2019, after the court already had granted Prude's third motion for reconsideration, *see* dkts. 97 and 103. Prude makes no effort to explain why he waited so long. Given how zealously and assiduously Prude is prosecuting his current string of civil rights lawsuits (he has three cases pending right now), I do not interpret this as an oversight. I conclude that adding Westra back into this lawsuit as a defendant at this point would unfairly prejudice defendants. Therefore, I am denying this motion.

Additionally, I note that Prude has not alleged facts suggesting that Westra was biased against him. Prude's version of the disciplinary hearing is that Meli *usurped* Westra's role as decision-maker because Westra allegedly told Prude his hands were "tied," when he imposed the 180-day punishment. I have concluded that these facts, construed in Prude's favor, may support an inference that Meli, who investigated Prude, acted inappropriately when he directed Westra. Westra, on the other hand, was not involved in the underlying investigation, and he is entitled to a presumption of honesty and integrity in his role as the hearing officer. *See Martin v. Zatecky*, 749 F. App'x 463, 466 (7th Cir. 2019). The fact that Westra allegedly said his hands were tied does not support a reasonable inference that Westra's actions were the product of his own bias against Prude. Rather, as I previously concluded, these allegations, viewed in a light most favorable to Prude, suggest that Westra merely followed Meli's orders,

2

not that he acted out of bias against Prude. This would be a second reason to denying Prude's motion to reinstate Westra as a defendant.

**Motion to add DOC Secretary Carr as a defendant (dkt. 105)**

Prude seeks to add DOC Secretary Kevin Carr as a defendant because he is pursuing injunctive relief in the form of the return of his confiscated funds from the state general fund. I am denying this motion as premature. If Prude survives defendants' motion for summary judgment, or he succeeds on either of his own dispositive motions, then I will *sua sponte* substitute Carr without the need for Prude to refile this motion.

**Motion to compel and for sanctions (dkt. 111)**

Prude seeks an order compelling defendants to respond to his second request for production of documents. Prude represents that he properly requested: (1) a copy of an email sent on January 4 and/or January 7 of 2017 from two nurses to a deputy warden and another person in which they discussed whether Prude's confiscated $10,000 could be used towards the purchase of new food trays (at a total cost of $65,000); and (2) copies of any email responses about that January 2017 request. Prude argues that this discovery request is relevant to his claims because the intended use of the money tends to prove that Westra's decision to confiscate his money was colored by the DOC's budgetary issues. Prude further represents that defense counsel objected because Prude's request sought documents from non-parties and was not proportional to the needs of the case. Finally, Prude represents that on September 19, 2019, he sent defendants' attorney a letter attempting to resolve the dispute, but defense counsel did not respond to that letter by September 28, 2019.

In opposition, defendants represent that they did not receive Prude's September 19 letter, and only learned of Prude's problem with their objection when he filed this motion. In light of this dispute as to who knew what when, I am not going to impose sanctions, but will simply address this dispute on its merits. First, I will dispense with defense counsel's claim that defendants have no ability to obtain the requested emails from "third parties." That's disingenuous at best. If these emails were routed between WCI employees, then these defendants and the Wisconsin Attorney General's Office have access to them and could cause them to be produced. This is not a basis to deny Prude's motion.

But Prude has a relevance problem. I do not see how wish-list speculation by legally inconsequential WCI employees about how they would like to spend a prisoner's confiscated money—which in fact ended up in Wisconsin's general fund—would pass muster under Federal Rules of Evidence 401 or 403, even if Meli, Boughton, or Westra were aware that these emails were being sent. At this point, Prude is not suggesting that Meli, Boughton or Westra were part of—or aware of—this food tray email chain at the time of the incidents at issue in this lawsuit. But Prude is entitled to ask—and Meli and Boughton are required to answer—whether they were aware of these emails at the time and whether these emails played any part in the decisions they made. If either defendant answers either question "yes," then WCI must produce the food tray email chain(s) to Prude, who then may attempt to establish the use and/or admissibility of the food tray email chain(s) at trial. Westra's knowledge of the food tray email chains is irrelevant because I have denied Prude's late request to add Westra as a defendant in this case. The bottom line today is that I am denying Prude's motion to compel without prejudice and allowing him to attempt to lay a foundation for the disclosure of the information he is requesting.

**Motion for leave to file sur-reply brief (dkt. 126)**

Finally, Prude seeks permission to file a reply brief in opposition to defendants' motion for summary judgment. I will grant that motion and take it into consideration in resolving that motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Terrance Prude's motion to reinstate Captain Westra as a defendant (dkt. 104) is DENIED.

2. Plaintiff's motion to add DOC Secretary Carr as a defendant (dkt. 105) is DENIED without prejudice.

3. Plaintiff's motion to compel and for sanctions (dkt. 111) is DENIED without prejudice.

4. Plaintiff's motion to file sur-reply brief (dkt. 126) is GRANTED.

Entered this 18th day of December, 2019.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge