| WISCONSIN WESTERN DISTRICT COURT | APPEAL TO SEVENTH CIRCUIT COURT OF APPEALS |
|---|---|
| PLAINTIFF:TERRANCE PRUDE. <br> VS. <br> DEFENDANTS:ANTHONY MELI, RANDY MUELLER, WESTRA, & GARY BOUGHTON. | DISTRICT COURT CASE#17-CV-336 <br> 7TH CIRCUIT APPEAL CASE#    ? |

## NOTICE OF APPEAL

Notice of appeal is taken by plaintiff, Terrance Prude, and is hereby given that he appeals to the SEVENTH CIRCUIT COURT OF APPEALS from the judgments rendered at Dkt.#41, 54, 92, 103, 128, 131-132, 151(Dated 2/9/2021).

### MERIT BASED CLAIMS ON APPEAL

Did the District Court Magistrate Judge, Stephen L. Crocker, commit error when it did all the following:

1) Ruled Prude had no due process right to call witnesses, know the evidence before nor at the hearing?

2) Ruled Prude had no right to access the court through hired lawyer of his choice?

3) Ruled Prude did not suffer harm when Meli withheld the exculpatory Robert Meyeroff(attorney) letter?

4) Ruled Meli was not a bias decision-maker?

5) Ruled Prude had no right to a written decision?

6) Ruled Prude could not proceed against Randy Mueller for withholding Prude's witnesses written testimony (which were written answers to Prude's questions) from Prude?

7) Ruled Prude could not proceed against Westra on a bias decision-maker claim?

8) Ruled Prude could not proceed against Meli on a bias decision-maker claim when Meli denied Prude from obtaining the witnesses testimony to challenge the report that Meli himself authored?

9) Ruled Prude could not proceed against Meli on an abuse of power claim (and/or "bias decision-maker claim") for denying Prude from submitting evidence (i.e. Meyeroff letter) against the charges he authored?

10) Ruled the Hearing Officer("H/O"), Westra, relied on Prude's exculpatory witnesses testimony on 2-2-2017?

11) Excluded Ms. Kamphuis's testimony/statements as hearsay?

12) Allowed Meli to submit evidence to trump his judicial admissions inviolation of Murrey v. United States, 73 F.3d 1448, 1455(7th Cir. 1996)?

13) Granted defendants qualified immunity on all claims?

14) Excluded Prude's testimony regarding Westra's remarks made to Prude?

15) Ruled Westefer v. Neal, 682 F.3d 679(7th Cir. 2012) standards related to Due Process "Liberty Interest" claims also apply to Due Process "Property Interest" claims?

16) Failed to grant judgment in Prude's favor and/or order a trial on material disputes?

## ADDITIONAL QUESTIONS FOR REVIEW

(A) Can an disciplinary report writer and/or investigator avoid liability as a "bias decision-maker" by being a de facto decision-maker on a disciplinary report which influences the actual decision-maker?

(B) Should the more robust Due Process requirements described in Wolff v. McDonnell, 418 U.S. 539(1974) apply to "Property Interest" claims in a prison context?

(C) Does the "bias decision-maker" rule of law also prevent the investigator/disciplinary report writer from (1) designing the type of punishment he wants the H/O to impose?; (2) denying the prisoner from submitting evidence in his defense to challenge the disciplinary report?; (3) Using his powers under DOC 303.09(2) as a decision-maker to place Prude's funds in the "state general fund" as a penalty?

(D) Should this Court (the Seventh Circuit Court of Appeals) appoint counsel for this appeal due to the substantial property interest at stake, the difficult issues of Due Process to be argued, the fact this case may require an extension of the law and/or to help further delineate the contours of what other actions constitute impermissible bias with respect to a prison H/O?

## DOCKETING STATEMENT

* The District Court had jurisdiction as a civil action arising under the laws of the United States pursuant to 42 U.S.C. §1983.

* The Seventh Circuit Court of Appeals has jurisdiction under 28 U.S.C. §1291. This appeal is taken from the final decision of the U.S. District Court for the Western District of Wisconsin magistrate judge Stephen L. Crocker(DKT#41, 54, 92, 103, 129, 131-132, 151).

* The Notice Of Appeal was sent to the prison librarian David Brooks on 2/21/2021(SUNDAY) to be E-Filed to the Western District Court(of Wisconsin).

```
FROM: TERRANCE PRUDE#335878
      GREEN BAY CORR. INST.
      P.O. BOX 19033
      GREEN BAY, WISCONSIN 54307
      SIGNATURE: _____
      DATED: 2-21-2021(SUNDAY)
```