WISCONSIN WESTERN DISTRICT COURT----AND NOW APPEAL TO 7TH CIRCUIT COURT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PLAINTIFF: TERRANCE PRUDE

-VS-                                          CASE NO. 17-CV-336

DEFENDANTS: ANTHONY MELI, GARY BOUGHTON,
            RANDY MUELLER, AND CAPTAIN WESTRA.

## NOTICE OF APPEAL

**NOTICE** of appeal is hereby given that plaintiff, Terrance Prude, appeal to the U.S. Court of Appeals for the 7th Circuit from the final judgments of the orders issued in this case at Dockets #41, 54, 92, 103, 128, 131-132, 151 (dated 2/9/2021).

## MERIT BASED CLAIMS ON APPEAL

Did the district court magistrate judge commit error when it did all the following: (1) Ruled Prude had no due process right to call any witnesses or know the evidence before nor at the hearing?; (2) Ruled Prude had no right to access the court through hired counsel of his choice?; (3) Ruled Prude did not suffer harm when Meli withheld the exculpatory Robert Meyeroff letter?; (4) Ruled Meli was not a bias decision-maker?; (5) Ruled Prude had no right to a written decision?; (6) Ruled Prude could not proceed against Randy Mueller for withholding Prude's witness (Joeval Jones and Brent Nistler) testimony from Prude?; (7) Ruled Prude could not proceed against Westra on a bias decision-maker claim?; (8) Ruled Prude could not proceed against Meli on a abuse of power claim for denying Prude from submitting evidence against the charges he authored?; (9) Ruled the hearing officer Westra relied on Prude's exculpatory witnesses testimony on 2/2/2017?; (10) Excluded Ms. Kamphuis's testimony/statements?; (11) Allowed Meli to submit

evidence to trump his judicial admissions in violation of Murray v. United States, 73 F.3d 1448, 1455(7th Cir. 1996)?; (12) Granted defendants qualified immunity on all claims?; (13) Excluded Prude's testimony regarding Westra's remarks to Prude?; (14) Ruled Westefer v. Neal, 682 F.3d 679(7th Cir. 2012) standards apply to Prude's case?; (15) Failed to grant judgement in Prude's favor and/or order a trial on the material disputes?; (16) Ruled Prude failed to exhaust his administrative remedies on his 1st Amendment mail interference claim?; (17) Ruled Prude had no straight forward 1st Amendment Free speech claim based on a violation of the attorney-client privilege?; (18) Denied Prude motion to amend judgment and/or relief from judgment under rule 59 and 60?

**ANSWER:** YES

## ADDITIONAL QUESTIONS

(A) Should the 7th Circuit Court of Appeals widen the parameters of what constitute a "bias decision-maker" to include a prison staff who: (i) acts as the defacto hearing officer where he/she designs the disciplinary penalty and allows the actual hearing officer to impose it? (ii) denies the prisoner from submitting evidence against the very disciplinary report he/she authored? Under both these circumstances the "bias decision-maker" is the disciplinary report writer.

**ANSWER:** YES

## APPOINTMENT OF COUNSEL REQUEST

Due to the difficulty*of this case, the liberty and property at stake, the errors committed by the trial court magistrate judges rulings, and the fact that this appeal will either clarify and/or extend the law, and the fact that with an attorney the outcome of this case would have been successful, should the Court Of Appeals for the 7th Circuit appoint counsel to represent Prude on the issues to be raised in the 7th Circuit Court Of Appeals?

**ANSWER:** YES

Terrance Prude#335878
Green Bay Corr. Inst.
P.O. BOX 19033
Green Bay, Wisconsin 54307

Signature: *Terrance Prude*

Date: 2/12/2021

*Greeno v. Daley, 414 F.3d 645, 658, 2005 U.S. App. Lexis 13125,
         at 32 (7th Cir. 2005)