IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

TERRANCE PRUDE,

                Plaintiff,

v.

ANTHONY MELI, *et al.*,

                Defendants.

ORDER

17-cv-336-slc

_____

        On February 21, 2024, defendants filed a motion to dismiss this case as a sanction for plaintiff Terrance Prude allegedly having filed fabricated documents that he filed with the court. Dkt. 204. On March 15, 2024, the court stated its intention to hold an evidentiary hearing in mid-April. Dkt. 212. Prude responded by moving to deny the motion for sanctions without holding a hearing. Dkts. 213-216. At the court's direction (dkt. 218), defendants responded in opposition. Dkt. 221. Having considered all of the submissions, I am denying Prude's motion. The April 22 evidentiary hearing shall proceed as scheduled.

        Contrary to Prude's contentions, defendants are neither proceeding under F.R. Civ. Pro. 11, nor are they required to proceed under Rule 11. *See Goodvine v. Carr*, 761 Fed. Appx. 598, 602 (7th Cir. 2019). As in *Goodvine*, defendants here allege that:

> Prude's entire course of conduct has evidenced bad faith and an attempt to perpetrate a fraud on multiple courts. He has been relying on fraudulent documents from the day he filed his Civil Complaint to the day he won his Seventh Circuit appeal and is now preparing to defraud a jury with those same documents.

Defendant's Response, dkt. 221, at 2.

In such a circumstance, this court may employ its inherent powers to address these allegations, even if a rule or statute also might apply; indeed proceeding in this fashion is a better fit because Rule 11 does not principally target manufactured evidence, which is "litigation misconduct of a different degree." *Goodvine*, 761 Fed. Appx. At 602.

Prude also contends that defendants have waived their right to seek sanctions by waiting until now to seek them. Not so. It is never too late for the court to investigate and remedy attempts to tamper with the administration of justice or obtain a judgment by fraud. *See Chambers v. PASCO*, 501 U.S. 32, 44 (1991).

Finally, in response to this court's April 2 order observing that Prude had not submitted a witness list or an exhibit list for the hearing (dkt. 218), on April 4, Prude reported that on March 28, 2023 he sent his submissions to the prison library to be e-filed but had not heard back from them. Dkt. 220. It is now April 12, 2024, and the court still has not received Prude's witness or exhibit list. The Attorney General's Office is directed to promptly contact WSPF about this, then report what it learns.

Entered this 12th day of April, 2024.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge