IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE PRUDE,

        Plaintiff,

v.

ANTHONY MELI, *et al*.,

        Defendants.

ORDER

17-cv-336-slc

---

    On August 19, 2024, this court entered an order (dkt. 260) ruling on the parties' dueling motions for sanctions, dkts. 204 and 225. I granted Prude's motion in part by ordering the State to provide notice to the Nistler Law Office regarding what the court found to be the incorrect disposition of the law firm's $10,000 check, and I granted the defendants' motion by dismissing Prude's lawsuit and entering judgment against him. Dkt. 260 at 32.

    On September 16, 2024, defendants filed a motion to alter or amend the judgment (dkt. 264) followed with a supplement on September 18, 2024 (dkt.265). There is no need for Prude to respond to this motion. First, to the extent that defendants are asking the court to increase its sanctions against Prude for his fraud upon the court, I am declining to extend the life of this case at the district level in this fashion. I am not going to change my ruling on strikes. Prude certainly deserves a litigation bar, but "recommending" to Chief Judge Peterson that he impose such a bar unnecessarily prolongs and complicates a case that is already closed. Prude's lawsuits in this court currently are being assigned to Chief Judge Peterson. *See, e.g., Prude v. Cooper*, 24-cv-338-jdp. The AGO is free to seek a litigation bar from the chief judge in that case, citing to the August 19, 2024 order in this case.

    Second, because the court dismissed the instant lawsuit with prejudice as a sanction for Prude's fraud upon the court, he no longer has any claim to the $10,000 in any venue on any ground. As a result, the only entity that could possibly claim the $10,000 check is the Nistler Law Office. Prude is not entitled to provide input on whether or how the court should clarify or amend its order on this point.

    That said, my review of the case file convinces me that defendants are entitled to clarification of the court's order.

As a starting point, the court's order regarding the $10,000 check was not part of the court's judgment against Prude. It was simply an order. Therefore, modifying that order does not require amending the judgment.

As to whether BOP mishandled the law firm's check, this court's finding in its August 19, 2024 Order, based on the state's terse response (*see* dkt. 229 at 2-3) was that it had. *See* dkt. 260 at 11 ("the State put $10,000 into its general fund that should have been returned to the Nistler Law Office.") The State now argues that: this was factually incorrect; that this court does not have jurisdiction over this matter; and that this court's order cannot have preclusive effect on what happens next. *See* dkt. 264.

Having re-read the parties' initial set of briefs on sanctions, I now realize that I had misread defendants' contention that code trumps policy, dkt. 229 at 2. This caused me to incorrectly conclude that defendants were conceding that Westra had erred. Defendants made no such concession. As a result, there is insufficient evidence in the record to support the court's finding that Westra mishandled the check. On the other hand, defendant's brief did not sufficiently establish that Westra actually handled the check correctly. As a result, I am rescinding my finding that Westra mishandled the check. The court takes no position on whether it was proper or improper for BOP to put these funds in the state's general fund.

Along these lines, in his September 9, 2024 Motion To Clarify, Prude reported that he had contacted both Attorney Brent Nistler and Joeval Jones about this court's August 19, 2024 order. Dkt. 262 at 1-2. So, Attorney Nistler has received the notice to which the court had determined he was entitled. Therefore, the State need not contact Attorney Nistler at this juncture. First, as a result of Prude's notification, Attorney Nistler now has the information he needs to determine for himself whether and how he wishes to pursue this matter further. Second, as the record establishes, the Nistler Law Office has had access to all of the relevant information since WCI's February 6, 2017 disposition decision regarding the law firm's check. *See* dkt. 1-1 at 8. In the 7½ years since, Attorney Nistler apparently has made no attempt to challenge this disposition. For all this court knows, Attorney Nistler determined years ago that he had no basis to seek return of these funds. Now that I have rescinded my finding that Westra mishandled the law firm's check, we have returned to the *status quo ante* in all respects.

ORDER

It is ORDERED that:

(1) Defendants' Motion to Alter or Amend the Judgment is DENIED; and

(2) Defendants' alternative request that the court clarify its ruling on Prude's motion for sanctions is GRANTED in this fashion:

(A) The court RESCINDS its finding that it was incorrect BOP to seize the $10,000 check.

(B) This court's now-rescinded factual finding on the propriety of the State's disposition of the check had been made solely for the purpose of ordering the State to give the Nistler Law Office the opportunity to seek return of this money if the law firm wished to do so. *See* dkt. 260 at 12, n.6; *see also id.* at 11.

(C) The court RESCINDS its August 19, 2024 order that the Wisconsin Attorney General's Office notify the Nistler Law Office, S.C. that the Waupun Correctional Institution should have returned the law firms' 12/2/2016 check.

(D) Prude has no claim whatsoever to the $10,000 seized from Nistler Law Office, S.C.. Prude cannot have this money. *See* dkt. 260 at 11; *see also id.* at 12 ("Prude's misconduct forecloses any other type of relief from this court.") Prude's request that DOC "unseize" this money is contrary to this court's August 19, 2024 order.

Entered this 20th day of September, 2024.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge