IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE PRUDE,

    Plaintiff,

v.                                      Case No. 17-CV-0336

ANTHONY MELI, et al.,

    Defendants.

---

## DEFENDANTS' MOTION FOR ATTORNEYS' FEES

---

Defendants hereby move for attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d). The grounds for the motion are set out below; no other brief will be filed in support of the motion.

### Background

The Court is intimately familiar with the procedural history of this case. In May 2017, Prude filed suit under 42 U.S.C. s. 1983 and the Fourteenth Amendment, alleging that Defendants Meli and Westra violated his due process rights at a disciplinary hearing. (Dkt. 1, 41, & 54.) Following extensive discovery, motions practice, and briefing, the Court granted summary judgment to the defendants in April 2020. (Dkt. 131.) Prude unsuccessfully moved to amend the judgment and then appealed. (Dkt. 134 & 157.) On appeal, Prude argued that Meli had improperly influenced the disciplinary hearing, as evidenced by an information request in which Meli had purportedly written that Prude "can't" present evidence. The Seventh

Circuit, relying in part on Meli's statement that Prude "can't" present evidence, reversed and remanded to this Court for further proceedings. (Dkt. 179:5.)

On remand, the parties engaged in additional discovery, including written discovery and depositions of Prude, Meli, and Westra. That discovery revealed that Prude had fabricated multiple documents, including the information request stating that Prude "can't" present evidence; in fact, Meli had written that Prude "can" present evidence, and Prude had forged the apostrophe and "t." Defendants moved for sanctions, and Prude's pro bono counsel withdrew. (Dkt. 203 & 204.) Following increasingly frivolous resistance from Prude and an evidentiary hearing, the Court found that Prude had fabricated four documents, three of which he had filed with his original complaint. (Dkt. 260.) Noting that Prude had engaged in misconduct of "breathtaking audacity," the Court dismissed the case as a sanction for Prude's fraud on the court. (Dkt. 260:17 n.7.)

Defendants now move for attorneys' fees for the time spent on Prude's fabricated claims.

## Legal Standards

A party may move for attorneys' fees within 14 days of the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). Such motion must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award," and it must "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(B)(ii)-(iii).

Two lines of authority justify the award of fees in this case. The first is statutory: "In any action or proceeding to enforce a provision of sections 1981, 1981a,

2

1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee as part of the costs…." 42 U.S.C. s. 1988(b). Under this statute, a prevailing defendant in an action under s. 1983 is entitled to attorney fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation," even if the action was not brought in subjective bad faith. *Fox v. Vice*, 563 U.S. 826, 833 (2011) (citation and internal quotations omitted); *Hughes v. Rowe*, 449 U.S. 5, 14 (1980). To obtain fees, a defendant must demonstrate that a plaintiff's action is "meritless in the sense that it is groundless or without foundation." *Munson v. Milwaukee Bd. of School Directors*, 969 F.2d 266, 269 (7th Cir. 1992) (quoting *Hughes*, 449 U.S. at 14). "[W]hen a civil rights suit is lacking in any legal or factual basis … an award of fees to the defendant is clearly appropriate to deter frivolous filings and to ensure that the ability of the courts to remedy civil rights violations is not restricted by dockets crowded with baseless litigation." *Coates v. Bechtel*, 811 F.2d 1045, 1050 (7th Cir. 1987).

Second, a court has the inherent authority to award fees when a party commits fraud on the court:

> a court may assess attorney's fees when a party has " 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " In this regard, if a court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled," it may assess attorney's fees against the responsible party, as it may when a party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order[.]" The imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of "vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy."

3

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (citations, quoted sources, original brackets, and footnote omitted).

In assessing fees, a district court is not limited to the fees incurred during the district court proceedings. Rather, "a petition on entitlement to appellate attorneys fees may be filed in either the district court or the court of appeals." *Ekanem v. Health & Hosp.*, 778 F.2d 1254, 1257 (7th Cir. 1985); *see also Zall v. Standard Ins.*, No. 21-CV-19-SLC, 2023 WL 6388781, at *3 (W.D. Wis. Sept. 29, 2023) (awarding appellate fees on remand). Further, a court may award attorneys' fees based on the timekeeping estimates of the attorneys, even if the attorneys did not keep contemporaneous time records. *Vander Pas v. Bd. of Regents of the Univ. of Wisconsin Sys.*, No. 21-CV-1148-JPS, 2023 WL 4053132, at *3 (E.D. Wis. June 16, 2023).

## Argument

Here, fees are appropriate pursuant to both the fee-shifting statute and the Court's inherent authority. As to the statutory basis, the defendants are "the prevailing party" because the Court has dismissed the case in its entirety and with prejudice. *See* 42 U.S.C. 1988(b). Further, Prude's decision to bring the case was "frivolous, unreasonable, [and] without foundation," *Fox*, 563 U.S. at 833, because Prude attached the fabricated documents, under penalty of perjury, to the complaint itself. (Dkt. 1-1:2-5.) Whatever the merits of the claim might have been in the absence of the fabrications, the complaint was irretrievably doomed from the moment Prude perjured himself at its filing. Because Prude's case included the fabricated documents from the word go, it lacked any valid legal basis. The fee-shifting statute accordingly

4

allows the defendants to recover fees for all time spent subsequent to the filing of the complaint. *See id.*

As to the Court's inherent authority, the Court has already found that Prude committed fraud on the court and repeatedly perjured himself. (Dkt. 260.) The logic of that decision need not be relitigated again; it suffices to observe that Prude's bad faith and perjurious conduct permits the Court to award fees against him. *Chambers*, 501 U.S. at 45-46. It should do so here not only to deter and punish Prude, but to protect the judicial authority and integrity of its docket. *See id.*

Having established the propriety of awarding attorneys' fees, it remains only to determine their amount. To that end, Defendants are submitting declarations from the four Assistant Attorneys General primarily assigned to this case since its inception. Although AAGs do not typically keep contemporaneous time records, the Court may rely on their retrospective estimate when calculating fees. *Vander Pas*, 2023 WL 4053132, at *3. The estimate is set out in the accompanying declarations and need not be copied here. In sum, Defendants request the following fees:

| *Attorney* | *Hours* | *Hourly Rate* | *Fees* |
|---|---|---|---|
| Held | 25.8 | $190 | $4,902.00 |
| Paulson | 48.1 | $190 | $9,139.00 |
| Keckhaver | 44 | $190 | $8,360.00 |
| Davies | 53 | $190 | $10,070.00 |
| **Total:** | **170.9** | **$190** | **$32,471.00** |

(Keckhaver Decl.; Ex. 1009-1011.)

In estimating these fees, Defendants have given Prude the benefit of the doubt in multiple respects. Primarily, Defendants have mostly limited their estimates to the time spent on court filings, depositions, and court appearances—all activities that are documented in the record. Defendants have for the most part omitted time related to discovery, conferral with Prude's pro bono counsel, internal meetings, client meetings, witness preparation, and other correspondence. By omitting these (and other fluff that courts commonly excise from private attorneys' fee requests), Defendants have drastically reduced the fees owed and have also spared the Court and Prude the headache of unnecessary disputes. Additionally, Defendants have not included paralegal and administrative time (as a private firm undoubtedly would). This again greatly reduces the amount owed. Finally, Defendants utilize the hourly rate of $190 charged by the Department of Justice to state agencies. The market rate for the AAGs' services would likely fall between $300 and $400, so by giving Prude the internal state rate, Defendants have effectively cut their request in half. Because Defendants have already voluntarily reduced the fees sought in this manner, the Court need not employ the sort of fat trimming that it might in a case with private counsel.[1]

---

[1] In perhaps the greatest concession of all, Defendants have omitted the fees of yet another AAG, who had briefed the case on appeal before the appellate court assigned Prude counsel and ordered re-briefing. (Keckhaver Decl., ¶ 8.) Defendants have also omitted expenses such as a hotel in Chicago for oral argument.

## Conclusion

For the reasons stated above, the Court should award attorneys' fees against Prude and in favor of the defendants in the amount of $32,471.00.

Dated: October 4, 2024.

                                    Respectfully submitted,

                                    JOSHUA L. KAUL
                                  Attorney General of Wisconsin

                                  <u>s/ Jonathon Davies</u>
                                  JONATHON M. DAVIES
                                  Assistant Attorney General
                                  State Bar #1102663

                                  REBECCA A. PAULSON
                                  Assistant Attorney General
                                  State Bar #1079833

                                  BRANDON T. FLUGAUR
                                  Assistant Attorney General
                                  State Bar #1074305

                                  Attorneys for Defendants Meli and Boughton

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0278 (Paulson)
(608) 261-8125 (Davies)
(608) 266-1780 (Flugaur)
(608) 267-8906 (Fax)
paulsonra@doj.state.wi.us
daviesjm@doj.state.wi.us
flugaurbt@doj.state.wi.us