IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE PRUDE,

                Plaintiff,              ORDER

    v.

                                         17-cv-336-slc

ANTHONY MELI, *et al.*,

                Defendants.

---

        Plaintiff Terrance Prude has filed a motion to vacate all of my orders entered since this case was remanded from the Court of Appeals for the Seventh Circuit in August 2023. Dkt. 290. Since then, the parties litigated dueling motions for sanctions, dkts. 204 and 225, requiring an evidentiary hearing, dkt. 232. After that hearing, I concluded that Prude had committed fraud upon the court by having submitted under penalty of perjury fabricated documents, I dismissed this lawsuit with prejudice, dkt. 260, and I awarded attorneys' fees to defense counsel over plaintiff's opposition, dkt. 288. In support of his motion, Prude argues that I had no authority to enter any orders in this case following remand because the parties did not re-consent to my jurisdiction. I am denying Prude's motion to vacate.

        First, Prude has not established that I was without jurisdiction following remand from the Seventh Circuit. The relevant statutory provision provides that a magistrate judge, once consented to by the parties, has jurisdiction over "any or all proceedings" in a case. 28 U.S.C. § 636(c)(1). Prude argues that this jurisdiction terminates once a litigant files a notice of appeal, but I agree with those district courts that have concluded that "any or all proceedings" includes a remand following appeal unless the parties have successfully withdrawn their consent. *E.g., GameTech Int'l, Inc. V. Trend Gaming Sys.,* No. cv-01-540-phx-loa, 2008 WL 4571424, at *9-10 (D. Ariz. Oct. 14, 2008) (holding that "any or all proceedings" "contemplates the magistrate judge conducting every aspect of

litigation, including a remand following an appeal"). On remand, the Seventh Circuit could have–but did not–order reassignment of this case to a different judge, and the parties never moved to withdraw their consent.

Prude relies on authorities that are distinguishable. For example, in *Lopez v. Holder*, 563 F.3d 107 (5th Cir. 2009), the petitioners consented to a magistrate judge's jurisdiction over a habeas proceeding that was converted to a petition for review on appeal in response to legislative changes and transferred to the district court for a new hearing. *Id.* at 111. The court held that a new consent and referral order was required because the transferred proceeding was *new and distinct* from the habeas proceeding. *Id.* Here, the proceeding was same on remand. And in *King v. Ionization International, Inc.*, 825 F.2d 1180, 1185 (7th Cir. 1987), the Seventh Circuit confronted the circumstance where a magistrate judge handled post-judgment collections without consent until appeal, and held that the parties consented through their conduct and that post-judgment litigation falls within a magistrate judge's jurisdiction. These holdings do not help Prude in this case, where the parties consented and continued litigating without objection after remand.

Finally, *Parks v. Collins*, 761 F.2d 1101 (5th Cir. 1985), is also distinct. In that case, a magistrate judge tried a case with the parties' consent, then granted a motion for relief from a default judgment entered by the district court judge as part of a related garnishment action without consent and referral. *Id.* at 1104. The Fifth Circuit held that the magistrate judge did not have the authority to set aside the default judgment because there was no referral order and because there was no indication that the parties to the garnishment action had consented to have a magistrate judge rule on that motion. *Id.* at 1106. As already noted, in this case the parties gave consent and the proceeding at issue has remained the same. Prude cites no authority for the proposition that any reversal and remand necessarily requires the parties to re-consent.

litigation, including a remand following an appeal"). On remand, the Seventh Circuit could have–but did not–order reassignment of this case to a different judge, and the parties never moved to withdraw their consent.

Prude relies on authorities that are distinguishable. For example, in *Lopez v. Holder*, 563 F.3d 107 (5th Cir. 2009), the petitioners consented to a magistrate judge's jurisdiction over a habeas proceeding that was converted to a petition for review on appeal in response to legislative changes and transferred to the district court for a new hearing. *Id.* at 111. The court held that a new consent and referral order was required because the transferred proceeding was *new and distinct* from the habeas proceeding. *Id.* Here, the proceeding was same on remand. And in *King v. Ionization International, Inc.*, 825 F.2d 1180, 1185 (7th Cir. 1987), the Seventh Circuit confronted the circumstance where a magistrate judge handled post-judgment collections without consent until appeal, and held that the parties consented through their conduct and that post-judgment litigation falls within a magistrate judge's jurisdiction. These holdings do not help Prude in this case, where the parties consented and continued litigating without objection after remand.

Finally, *Parks v. Collins*, 761 F.2d 1101 (5th Cir. 1985), is also distinct. In that case, a magistrate judge tried a case with the parties' consent, then granted a motion for relief from a default judgment entered by the district court judge as part of a related garnishment action without consent and referral. *Id.* at 1104. The Fifth Circuit held that the magistrate judge did not have the authority to set aside the default judgment because there was no referral order and because there was no indication that the parties to the garnishment action had consented to have a magistrate judge rule on that motion. *Id.* at 1106. As already noted, in this case the parties gave consent and the proceeding at issue has remained the same. Prude cites no authority for the proposition that any reversal and remand necessarily requires the parties to re-consent.

Second, Prude impliedly re-consented to magistrate judge jurisdiction on remand by not objecting. The United States Supreme Court has held that consent to proceedings before a magistrate judge can be inferred from a party's conduct during litigation. *Roell v. Withrow*, 538 U.S. 580, 582 (2003). In *Roell*, a case proceeding in front of a magistrate judge all the way to a jury verdict and judgment without a formal letter of consent from two parties until after the case had been remanded by the Court of Appeals for the Fifth Circuit. *Id.* at 583. The Supreme Court found "surely correct" the magistrate judge's conclusion that these parties had implied their consent to the jurisdiction of a magistrate by their voluntary participation in the entire course of proceedings without objection. *Id.* at 584. The Court explained that implied consent could be found to "check[] the risk of gamesmanship" where "the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge." *Id.* at 590. After *Roell*, the Court of Appeals for the Seventh Circuit has emphasized that "litigants who have knowingly proceeded without objection" through substantial litigation before a magistrate judge "are deemed to have impliedly consented to" magistrate judge jurisdiction. *Stevo v. Frasor*, 662 F.3d 880, 884 (7th Cir. 2011).

Prude was aware of the consent requirement, having consented to magistrate judge jurisdiction over this case once before. Dkt. 23. Prude then litigated this case before me without objection during the subsequent 16 months after its remand. Even if I were to assume, *arguendo*, that Prude's notice of appeal had terminated magistrate jurisdiction, thereafter he implicitly re-consented to such jurisdiction on remand based on his conduct.

3

ORDER

It is ORDERED that plaintiff's motion to vacate all Magistrate Judge Crocker's rulings pursuant to Fed. R. Civ. P Rule 60(b)(4) & 59(e), dkt. 290, is DENIED.

Entered this 3rd day of February, 2025.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge